UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NELLIE P.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C18-5728-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff Nellie P. seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred in evaluating the medical evidence and her testimony, and that the resulting residual functional capacity finding and finding of nondisability are erroneous. Dkt. 14. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 44 years old, has a high school education, and has worked as a collections agent and customer service representative. Tr. 58, 78-81, 200. She applied for benefits in August 2014, alleging disability as of November 2013. Tr. 200, 207, 215. After her applications were denied initially and on reconsideration, the ALJ conducted a hearing and, on October 31, 2016, issued a decision finding plaintiff not disabled. Tr. 35-44. The Appeals

Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; she had the following severe impairments: fibromyalgia and mild degenerative disc disease with lumbar spondylosis and spina bifida, status post lumbar fusion; and these impairments did not meet or equal the requirements of a listed impairment.[2] Tr. 37-38. The ALJ found that plaintiff had the residual functional capacity to perform sedentary work with additional postural and environmental limitations. Tr. 38. The ALJ found that plaintiff was able to perform her past relevant work as a collections agent and, in the alternative, there were other jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 42-44. The ALJ therefore found that plaintiff was not disabled. Tr. 44.

## DISCUSSION

### A. Medical evidence

Plaintiff asserts that the ALJ failed to properly evaluate the medical evidence. Dkt. 14 at 2. She describes, over the course of nearly five full pages of her brief, medical treatment notes from 2013 through 2016. Dkt. 14 at 2-7. She concludes this recitation by stating: "Although none of [plaintiff's] treatment providers have stated a specific opinion regarding [plaintiff's] functional limitations, the clinical findings from all of her treatment providers fully support

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

[plaintiff's] testimony about the symptoms and limitations she has been experiencing since November 2013." Dkt. 14 at 7.

Plaintiff presents no argument or explanation with respect to this evidence, nor does she identify any error in the ALJ's assessment of the evidence. The Court may deem arguments that are unsupported by explanation to be waived. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at *2 (unpublished opinion) (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue)). Merely pointing to the existence of evidence and stating that it supports the claimant's testimony is insufficient to present an argument to the court. And even if plaintiff had explained how this evidence supports her testimony, the existence of an alternative interpretation of the evidence does not establish error in the ALJ's assessment. When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that the court must uphold. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Plaintiff has done nothing to show that that the ALJ's assessment of the evidence is invalid.

Plaintiff does, however, present arguments with respect to two aspects of the medical evidence. First, she asserts that the ALJ erroneously found that psoriatic arthritis was not a medically determinable severe impairment. Dkt. 14 at 7. The ALJ found that while plaintiff has psoriasis, there is no diagnosis of psoriatic arthritis. Tr. 38. Plaintiff argues that contrary to the ALJ's finding, Dr. Rompala diagnosed psoriatic arthritis in June 2016. Dkt. 14 at 7.

An impairment is medically determinable if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1508. To be medically determinable, a physical or mental

impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings. *Id.* A claimant's statement of symptoms alone is not enough to establish a physical or mental impairment. 20 C.F.R. § 404.1508, 404.1528(a). Where there are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment, the ALJ must find the claimant not disabled at step two, regardless of how many symptoms a claimant alleges or how genuine the complaints may appear to be. SSR 96-4p. "The mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (citing *Sample v. Schweiker*, 694 F. 2d 639, 642-43 (9th Cir. 1982)).

Plaintiff points to a June 2016 treatment note from Dr. Rompala. That note states: "Dx [diagnosis] of psoriatic arthritis. Feet hurting, toes hurting, painful, had been seeing rheumatologist, would like to continue." Tr. 1381. Dr. Rompala referred plaintiff to rheumatology. Tr. 1383. But this treatment note does not document any signs or laboratory findings of psoriatic arthritis; there is no indication that Dr. Rompala did anything other than record plaintiff's symptoms and enter a referral to rheumatology. This treatment note is insufficient to establish psoriatic arthritis as a medically determinable impairment.[3] Thus, even if the ALJ erred by finding there was no diagnosis of psoriatic arthritis in the record, any error in that finding is rendered harmless by the lack of evidence sufficient to establish the existence of a medically determinable impairment. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012)

---

[3] In her reply, plaintiff points to one other mention of psoriatic arthritis. Dkt. 16 at 2. In January 2012, pulmonologist Dr. Fowler stated: "she has had psoriatic arthritis . . . and this has been treated with Enbrel." Tr. 1148. This note fails to document any signs and symptoms of psoriatic arthritis and merely reports treatment by an unknown provider at an unknown period of time. This note does not alter the court's assessment of this issue.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 4

(an error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination). The court finds no basis to disturb the ALJ's assessment of this impairment.

Second, plaintiff argues that the ALJ erred in assessing the opinion of the state agency medical consultant. Dkt. 14 at 8. Dale Thuline, M.D., reviewed the record in January 2015 and opined that plaintiff was able to perform a reduced range of light work. Tr. 119-20. The ALJ gave this opinion, the only medical opinion in the record, significant weight. Tr. 42. But the ALJ found that plaintiff was limited to sedentary work based on her testimony and the additional medical evidence not in the record at the time Dr. Thuline gave his opinion. *Id.*

Plaintiff asserts that, based on the clinical findings and her testimony, she is in fact considerably more limited than Dr. Thuline opined. Dkt. 14 at 8. She argues that that while the ALJ properly rejected Dr. Thuline's assessment that she was capable of performing light work, the ALJ should have found her considerably more limited than she did. Dkt. 16 at 3-4.

This argument merely restates plaintiff's assertion that the ALJ should have evaluated the medical evidence in a manner more favorable to her. Plaintiff fails to identify any error in the ALJ's assessment of the opinion other than that it does not match her preferred assessment of the evidence. But plaintiff has not established that the ALJ's evaluation of this opinion was erroneous. The court may not reweigh the evidence in the manner proposed by plaintiff. *Thomas*, 278 F.3d at 954. Plaintiff has failed to establish error in the ALJ's assessment of Dr. Thuline's opinion.

In sum, plaintiff has not shown that the ALJ committed harmful error in evaluating the medical evidence.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 5

**B.    Plaintiff's testimony**

Plaintiff argues that the ALJ failed to properly evaluate her testimony. Dkt. 14 at. 8. The ALJ did not find that plaintiff was malingering. Thus, the ALJ was required to provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

Plaintiff asserts that the errors she alleged in the ALJ's evaluation of the medical evidence undermine the ALJ's assessment of her testimony. Dkt. 14 at 8. As the court has found no harmful error in the ALJ's evaluation of the medical evidence, this assertion fails.

Plaintiff also argues that the ALJ improperly relied on the "objective evidence test" to reject her testimony and provided only a selective summary of the medical evidence to support the RFC finding. *Id.* at 10-11. This assertion ignores the fact that, while the lack of supportive objective evidence cannot be the sole reason an ALJ discounts a claimant's subjective complaints, it is a relevant factor that the ALJ can consider in assessing the claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ here did not rely solely on the objective evidence in evaluating plaintiff's credibility. Moreover, plaintiff does nothing to establish that the ALJ selectively summarized the record, other than assert that the record contains findings that support her testimony. Again, this assertion does not establish error in the ALJ's assessment of the evidence. Plaintiff has not established that the ALJ erred in evaluating the objective evidence.

Plaintiff argues that the ALJ erroneously considered plaintiff's activities because none of her activities meet the threshold for transferrable work skills or are inconsistent with her testimony. Dkt. 14 at 9. An ALJ may consider a claimant's daily activities when evaluating her testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may not penalize a claimant for attempting to live a normal life in the face of her limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). But contradictions between a claimant's reported activities and his asserted limitations are a valid reason to discount a claimant's testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). The ALJ found that plaintiff engaged in activities that were inconsistent with her allegations. Tr. 39. The ALJ found that while plaintiff testified that she could stand for 5 minutes, sit for 15 minutes, and lift up to 5 pounds, she also reported that she drove regularly, including to the hearing, she worked part-time after her alleged onset date, and she took care of her son, who has a muscle disease and genetic disorder. *Id.* She also reported that she shopped, took walks weekly, and went to church. *Id.* The ALJ could reasonably find that these activities were inconsistent with the extreme limitations plaintiff described. The ALJ did not improperly consider plaintiff's reported activities.

Plaintiff argues that the ALJ improperly engaged in the "sit and squirm test" by relying on her observations of the plaintiff at the hearing. Dkt. 14 at 10. The ALJ may not reject a claimant's testimony based solely on the failure to exhibit alleged symptoms at a hearing. *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985). But the inclusion of the ALJ's observations does not necessarily render the decision improper. *See Verduzco v Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). Here, the ALJ found that plaintiff was able to sit comfortably for the duration of the hearing and move from sitting to standing without any apparent pain, which the ALJ found was inconsistent with her testimony that she could only sit for 15 minutes at a time.

Tr. 39. The ALJ also found that despite her claims of difficulty sleeping, she looked completely rested as she sat in the hearing room. *Id.* The ALJ noted that her own observations do not alone constitute substantial evidence, but, when combined with other inconsistencies in the record, are worthy of consideration in evaluating the claimant's testimony. *Id.* The ALJ acknowledged the limitations to this reason for discounting testimony, and considered it as one component of the evaluation of plaintiff's testimony. The court finds that its inclusion in the ALJ's analysis does not render the ALJ's assessment of plaintiff's testimony invalid.

Plaintiff alleges various other errors in the ALJ's assessment of her testimony. But, because the court finds that the ALJ gave valid reasons, supported by substantial evidence, for discounting plaintiff's testimony, the court need not assess any further allegations of error. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (ALJ's inclusion of an improper reason among other, proper reasons to discount claimant testimony does not "negate the validity" of the ALJ's assessment). The ALJ gave clear and convincing reasons for discounting plaintiff's allegations. The court may not disturb that assessment.

### C. RFC and finding of non-disability

Plaintiff argues that the ALJ's RFC finding and finding of non-disability are erroneous based on the errors she alleged in the ALJ's assessment of the medical evidence and plaintiff's testimony. Dkt. 14 at 16. This argument is based on her previous assignments of error, all of which this Court has rejected. Because the ALJ included in the RFC finding all of the limitations the ALJ found to be supported by substantial evidence, the ALJ's RFC finding and step four and five findings based on it are proper. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 17th day of June, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge